IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV508-034

(Case No.: CR506-14)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Franklin Williams ("Williams"), an inmate currently incarcerated at Men's State Prison in Hardwick, Georgia, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Response. For the reasons which follow, Williams' Motion should be **DENIED**.

## STATEMENT OF THE CASE

Williams was convicted in the Southern District of Georgia after a jury trial of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term, 10 years' supervised release, and a $200.00 special assessment. Williams filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008).

AO 72A
(Rev. 8/82)

In his motion, Williams asserts he received ineffective assistance of counsel. Respondent avers Williams' motion should be denied.

## DISCUSSION AND CITATION TO AUTHORITY

### Williams' Ineffective Assistance of Counsel Claims

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Id. at 687-88; Quince v. Crosby, 360 F.3d 1259, 1265 (11th Cir. 2004). When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689.

### A. Counsel's Failure to Provide Clothing

Williams contends his retained trial counsel, James Hardin ("Hardin"), failed to procure civilian clothing for him to wear at trail. Respondent alleges the record refutes Williams' contention that Hardin failed to obtain civilian clothing. Respondent asserts one of its witnesses at trial, Drug Enforcement Administration ("DEA") Special Agent Stephen Tinsley ("Special Agent Tinsley"), identified Williams during his criminal trial as

AO 72A
(Rev. 8/82)

sitting at a table "wearing the brown and checkered jacket with a white shirt." (Doc. No. 3, p. 5). Respondent also asserts Hardin purchased clothing for Williams to wear at trial, but Williams arrived wearing clothing his wife provided him. (Id.)

During Williams' criminal trial, Special Agent Tinsley testified. Special Agent Tinsley was asked to identify Mr. Williams, and Special Agent Tinsley stated Mr. Williams was sitting "[a]t the table right behind [Assistant United States Attorney Darrin McCullough] wearing the brown and checkered jacket with a white shirt." (CR506-14, Doc. 66, p. 48).

Even if Hardin did not provide Williams with attire to wear during his criminal trial and Hardin's failure to provide Williams with appropriate attire constitutes deficient performance under Strickland, Williams cannot establish he suffered any prejudice by Hardin's alleged inaction. Williams obviously had "street clothes" on when he was before the jury and was not dressed in prison-issued attire. There is nothing before the court which indicates Williams was prejudiced under Strickland by Hardin's supposed failure to provide Williams with civilian clothing for his trial. This ground of Williams' motion is without merit.

### B. Counsel's Absence from the Presentence Interview

Williams also contends Hardin did not attend the Pre-Sentence Investigation ("PSI") "hearing", despite his knowledge of the time, date, and place of the hearing. According to Williams, Hardin's failure to appear at this hearing resulting in the inclusion of several dismissed charges in his PSI report.

Respondent alleges Rule 32(c) challenges generally are not cognizable under § 2255. Additionally, Respondent alleges Williams provides no authority in support of his

seeming contention that his Sixth Amendment right to counsel applies to presentence interviews conducted by the United States Probation Office. Respondent asserts that, assuming Williams did have a right to counsel during his presentence interview, he cannot demonstrate prejudice due to Hardin's absence during the interview.

Regardless of whether Hardin was present during his presentence interview or whether Williams had a constitutional right to the presence of an attorney during this interview, Plaintiff cannot overcome his burden. Richard Darden ("Darden") was Williams' attorney at the sentencing hearing after Hardin withdrew as counsel. Darden initially objected to certain portions of Williams' PSI report, but he withdrew his objections at the sentencing hearing before Judge Moore. (CR506-14, Doc. No. 67, pp. 10-11). Darden's objections did not pertain to the portions of the PSI report to which Williams now refers (PSI Report, ¶¶ 58-60). In addition, Judge Moore gave Williams the opportunity to object to the factual accuracy of the PSI report and to the probation officer's application of the sentencing guidelines. Williams voiced no objections. (CR506-14, Doc. No. 67, p. 12). Further, Plaintiff suffered no prejudice from Hardin's absence from his presentence interview, as the charges listed in paragraphs 58 through 60 of the PSI report were not assigned any criminal history points. Thus, the inclusion of these charges in Williams' PSI report did not affect his sentence, and Williams was not prejudiced by this inclusion. This portion of Williams' motion is without merit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' motion to set aside, vacate, or correct judgment, filed pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED** this 14th day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE